### In the Matter of Julia N. COMPTON, Respondent.

### No. 41S00–1304–DI–228.

Supreme Court of Indiana.

May 30, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** On April 25, 2012, Respondent admitted guilt to a charge of public intoxication, a class C misdemeanor, and entered into a diversion program in Marion County.

On May 21, 2012, Respondent pled guilty to resisting law enforcement, a class A misdemeanor, and with public intoxication a class C misdemeanor, in Hancock County.

Respondent was charged with several offenses in Johnson County on May 4, 2012, and on June 4, 2012. On October 4, 2012, Respondent was convicted on a guilty plea to operating a vehicle while intoxicated ("OWI"), as a class D felony, and was granted alternative misdemeanor sentencing. The remaining charges were dismissed.

The parties cite the following fact in aggravation: Respondent had four alcohol-related arrests within three and a half months. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) Respondent is remorseful; (4) Respondent self-reported her arrests to the Commission in a timely manner; (5) at the time of the misconduct, Respondent was suffering from a chemical dependency; (6) Respondent has completed an inpatient program, continues treatment for alcoholism, and is complying with a voluntary monitoring agreement with the Indiana Judges and Lawyers Assistance Program ("JLAP"); (7) she has demonstrated a sustained peri-

od of rehabilitation; and (8) she has already suffered other penalties for her misconduct, including four months of incarceration.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on trustworthiness or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning on the date of this order, all stayed subject to completion of at least two (2) years of probation** with JLAP monitoring. The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) During her probation, Respondent shall refrain totally from the use of alcohol and mind-altering substances.

(2) Respondent shall have no violations of JLAP requirements, the criminal laws of Indiana, or the Rules of Professional Conduct during her probation.

(3) If Respondent violates her probation, the Commission will petition to revoke her probation and request the stayed suspension be actively served without automatic reinstatement, and Respondent may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

With the acceptance of the parties' conditional agreement, the Court denies as moot the Commission's "Notice of Guilty Finding and Request for Suspension," filed on April 15, 2013.

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DICKSON, C.J., and RUSH, J., who dissent.

DICKSON, C.J., dissents from approval of the conditional agreement, believing that the proposed discipline is significantly inadequate in light of Respondent's felony conviction.